UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Pamela A. Breen, | ) | Civil Action No.: 4:19-cv-00696-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ivantage Select Agency, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Pamela Breen's motion to remand this case to state court. *See* ECF No. 7. The Court grants the motion for the reasons herein.[1]

## Background

Plaintiff originally filed this action in the Horry County Court of Common Pleas on January 25, 2019. *See* Summons & Complaint [ECF No. 1-1]. In her complaint, Plaintiff alleges she owns a South Carolina Flood Insurance Policy issued by Defendant Ivantage Select Agency, Inc. insuring property located in Myrtle Beach, South Carolina. Compl. at ¶¶ 4–5. Plaintiff claims Defendant erroneously classified the insured property as a "second home," has refused her requests to reclassify it as a "primary residence," and has failed to refund the "overpayment of fees, costs, assessments, etc." that she has paid Defendant for several years. *Id.* at ¶¶ 7–11, 14. Plaintiff asserts two state-law causes of action—(1) violation of the South Carolina Unfair Trade Practices Act[2] and (2) negligence—and seeks a judgment not exceeding $75,000. *Id.* at ¶¶ 12–20.

Defendant removed the action to this Court asserting federal question jurisdiction was available

---

[1] The Court decides the motion without a hearing pursuant to Local Civil Rule 7.08 (D.S.C.).

[2] S.C. Code Ann. §§ 39–5–10 to –180 (1976 & Supp. 2018).

under 28 U.S.C. § 1331.³ *See* ECF No. 1. Defendant subsequently filed an answer. *See* ECF No. 4. Plaintiff then filed the instant motion to remand, and Defendant filed a response in opposition. *See* ECF Nos. 7 & 12.

## **Discussion**

Plaintiff argues remand to state court is required because the Court lacks subject matter jurisdiction. Defendant contends federal question jurisdiction exists under § 1331 because Plaintiff seeks a refund of premiums involving a federal flood insurance policy.⁴

The party seeking to remove a case to federal court bears the burden of establishing federal subject matter jurisdiction. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Thus, Defendant bears the burden to establish federal jurisdiction is proper in this case. "Because removal jurisdiction raises significant federalism concerns, [the Court] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." *Id.* (internal citation omitted).

A state court defendant may remove a civil action to a federal district court having original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions arising under federal law. 28 U.S.C. § 1331 (federal-question jurisdiction). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of

---

³ Because the amount in controversy is less than $75,000, diversity jurisdiction is not available under 28 U.S.C. § 1332.

⁴ Subject matter jurisdiction is not available under 42 U.S.C. § 4072 because that section is limited to claims involving flood loss and does not encompass claims seeking refunds of overcharged premiums. *Southpointe Villas Homeowners Ass'n, Inc. v. Scottish Ins. Agency, Inc.*, 213 F. Supp. 2d 586, 589 (D.S.C. 2002); *see generally id.* at 588–89 (summarizing the National Flood Insurance Program and explaining how it works).

2

the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

> Under the well-pleaded complaint rule, as the Supreme Court has explained, "a case can 'aris[e] under' federal law in two ways." ***See Gunn v. Minton*, 568 U.S. 251, 257 (2013)**. First, "a case arises under federal law when federal law creates the cause of action asserted." *Id.* **Second, as relevant here**, § 1331 confers jurisdiction over a "special and small category" of claims that originate in "state rather than federal law." *Id.* at 258 (internal quotation marks omitted). In such situations, as the Court has recognized, **"arising under" jurisdiction will only exist over a state-law claim if a "federal issue" is "<u>(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."</u>** *Id.* (relying on ***Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)**).

*Virginia ex rel. Hunter Labs., L.L.C. v. Virginia*, 828 F.3d 281, 286–87 (4th Cir. 2016) (emphases added). In several recent decisions, the Fourth Circuit has adhered to the "four-part *Grable* test." *See, e.g.*, *id.*; *Burrell v. Bayer Corp.*, 918 F.3d 372 (4th Cir. 2019); *Pressl v. Appalachian Power Co.*, 842 F.3d 299 (4th Cir. 2016); *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177 (4th Cir. 2014). Failure to satisfy any part of the *Grable* test precludes federal jurisdiction over a state-law claim. *Gunn*, 568 U.S. at 258; *Pressl*, 842 F.3d at 303. Following the 2005 *Grable* decision, both the Fourth Circuit and "the Supreme Court ha[ve] emphasized [that] § 1331 confers federal jurisdiction over state-law causes of action only in a 'special and small' class of cases." *Burrell*, 918 F.3d at 376 (quoting *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).[5] "[P]ost-*Grable* decisions, including *Empire HealthChoice* . . ., hold that a federal role in insurance is not enough to establish that

---

[5] *See also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1570 (2016) ("[A] federal court has jurisdiction of a state-law claim if it [1] necessarily raises a stated federal issue, [2] actually disputed and [3] substantial, which [4] a federal forum may entertain without disturbing any congressionally approved balance of federal and state power." (internal quotation marks and original brackets omitted) (citing *Grable* and *Gunn*)); *Flying Pigs*, 757 F.3d at 182 ("In recent years, the Supreme Court has brought greater clarity to what it describes as a traditionally 'unruly doctrine,' emphasizing its 'slim contours.'" (quoting *Gunn*, 568 U.S. at 258)).

3

a state-law suit really arises under federal law." *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1034 (7th Cir. 2014).

Here, the first part of the *Grable* test—that the federal issue be "necessarily raised"—is not satisfied. *See generally Burrell*, 918 F.3d at 381 ("A federal question is 'necessarily raised' for purposes of § 1331 only if it is a necessary element of one of the well-pleaded state claims." (some internal quotation marks omitted)); *Flying Pigs*, 757 F.3d at 182 ("[A] plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue."). Specifically, Plaintiff's two state-law causes of action—negligence and violation of the South Carolina Unfair Trade Practices Act (UTPA)[6]—do not *necessarily* raise federal issues. Although her claims mention a federal flood insurance policy, the real issue in this case is whether the insurer (Defendant) breached any duty and/or engaged in any unfair trade practice that resulted in Plaintiff overpaying the premium on the policy, with damages determined by the amount of overpayment. For either the negligence or UTPA claim, "it is clear . . . that [Plaintiff] can establish all the *necessary elements* entirely independently of federal law," *Burrell*, 918 F.3d at 382 (emphasis added), and "[t]he most one can say is that a question of federal law is lurking in the background, but that does not make the claims into ones arising under federal law." *Flying Pigs*, 757 F.3d at 183 (brackets, internal quotation marks, and ellipsis omitted).

"Accordingly, the 'necessarily raised' requirement for a 'significant' federal issue—formulated

---

[6] Under South Carolina law, a plaintiff alleging negligence "must show (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached the duty by a negligent act or omission, (3) the defendant's breach was an actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered injury or damages." *Wright v. PRG Real Estate Mgmt., Inc.*, 826 S.E.2d 285, 290 (S.C. 2019). "To recover in an action under the UTPA, the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected the public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." *RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 732 S.E.2d 166, 174 (S.C. 2012) (brackets omitted).

and explained by the Supreme Court in *Grable* and *Gunn*—has not been satisfied." *Flying Pigs*, 757 F.3d at 182–83. Because the first requirement of *Grable* is not satisfied, the Court need not address the remaining parts of the test.[7] *See, e.g.*, *Hunter Labs.*, 828 F.3d at 288 & n.9 (declining to address the remaining three prongs of the *Grable* test because the first one was not satisfied); *Flying Pigs*, 757 F.3d at 182–83 & n.8 (same). Federal question jurisdiction is lacking, and therefore the Court must remand this case to state court.[8]

---

[7] Nevertheless, the Court notes *Grable*'s third and fourth requirements are also not satisfied. Regarding the third requirement, "the federal issue in this case is not substantial in the relevant sense," *Gunn*, 568 U.S. at 260, because the determination of whether Plaintiff's residence was erroneously classified as a second home rather than a primary residence is "fact-bound and situation-specific" to this particular case and would not "be controlling in numerous other cases." *Id.* at 262–63; *see Burrell*, 918 F.3d at 385 ("As a practical matter, a 'substantial' question generally will involve a pure issue of law, rather than being fact-bound and situation-specific, because the crux of what makes a question substantial for § 1331 purposes is that it is important to the federal system as a whole, and not just to the particular parties in the immediate suit." (cleaned up)). Regarding the fourth requirement, which concerns the appropriate "balance of federal and state judicial responsibilities," *Gunn*, 568 U.S. at 264, the South Carolina courts are entirely capable of applying federal law such as FEMA regulations and the National Flood Insurance Program's *Flood Insurance Manual*. *See, e.g.*, *Burrell*, 918 F.3d at 388 ("North Carolina's courts are fully capable of applying federal preemption law . . . .").

[8] Defendant invokes § 1331 jurisdiction by relying heavily on Judge Duffy's pre-*Grable* decision in *Southpointe Villas*, *supra*. *See* 213 F. Supp. 2d at 590–93 (D.S.C. 2002) (holding § 1331 jurisdiction was proper because the "plaintiff's claim for a refund of overcharged premiums necessarily places federal funds at risk"). However, *Southpointe Villas* was decided before *Grable* and *Gunn* and relied on the now-defunct test articulated in *Caudill v. Blue Cross & Blue Shield of North Carolina*, 999 F.2d 74 (4th Cir. 1993). *Caudill* was explicitly abrogated in 2006 by *Empire HealthChoice*, *supra*. *See* 547 U.S. at 689 (indicating *Caudill* was part of the circuit split at issue).

Morever, following *Grable*, courts have recognized federal question jurisdiction is not available just because a judgment would be satisfied with federal funds. As mentioned above, "post-*Grable* decisions, including *Empire HealthChoice* . . ., hold that a federal role in insurance is not enough to establish that a state-law suit really arises under federal law." *Hartland*, 756 F.3d at 1034; *see, e.g.*, *Empire HealthChoice*, 547 U.S. at 688 (holding § 1331 did not encompass the plaintiff's suit even though the plaintiff argued "reimbursement directly affects the United States Treasury"); *Municipality of Mayaguez v. Corporacion Para el Desarrollo del Oeste, Inc.*, 726 F.3d 8, 16 (1st Cir. 2013) ("Despite the involvement of a federal agency in the creation of the contract terms in dispute and the federal funds involved, the Supreme Court [in *Empire HealthChoice*] concluded that the federal issues in the case were not sufficiently substantial to warrant federal jurisdiction over the state law reimbursement claim." (internal footnote omitted)); *Hunter Labs.*, 828 F.3d at 288 ("The mere fact that the Virginia Medicaid program is jointly funded by the federal government and the Commonwealth is not sufficient to satisfy *Grable*'s first prong, and that fact does not make a federal case out of every Medicaid dispute."); *Spell v. BAC Home Loans Servicing, LP*, 2012 WL 1658357, at *4 & n.2 (M.D. Ala. May 11, 2012) ("The commonplace and bare fact that federal funds may be dispensed as a result of litigation is insufficient to confer removal jurisdiction." (disagreeing with *Southpointe*)); *W. Virginia ex rel. McGraw v. Rite Aid of W. Virginia, Inc.*, 2010 WL 454488, at *4 (S.D.W. Va. Feb. 1, 2010) ("While the presence of federal funds is a factor to be considered, federal jurisdiction does not exist in every situation involving federal funds. . . . [T]here must be something more than the presence of federal funds; some substantial

**Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand [ECF No. 7] and **REMANDS** this case to the Court of Common Pleas for Horry County, South Carolina. The Court **DIRECTS** the Clerk to mail a certified copy of this Order to the clerk of the Horry County Court of Common Pleas.[9]

**IT IS SO ORDERED.**

Florence, South Carolina
July 24, 2019

s/ R. Bryan Harwell
R. Bryan Harwell
Chief United States District Judge

---

federal issue is required in order for a case to fit within the 'slim category' that *Grable* created.").

[9] Although Plaintiff indicates she "will move for cost[s] and sanctions," ECF No. 7 at p. 1., the Court in its discretion declines to award costs and expenses pursuant to 28 U.S.C. § 1447(c).